```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/13/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDMIR GEGA,

                Petitioner,

-against-

ROBERT E. ERCOLE and ERIC T. SCHNEIDERMAN,

                Respondents.

11 Civ. 7892 (AT) (KNF)

**ORDER**

ANALISA TORRES, United States District Judge:

Petitioner, Edmir Gega, represented by counsel, has objected to Chief Magistrate Judge Kevin N. Fox's June 24, 2013 Report and Recommendation ("the R&R") that recommends that the Court deny Gega's 28 U.S.C. § 2254 petition. Reviewing the parts objected to *de novo*, the Court adopts the R&R and denies Gega's petition.

## BACKGROUND

Gega's petition for habeas, filed on November 4, 2011, made three allegations:

> 1. That the trial court denied Petitioner due process under the Fifth and Fourteenth Amendments to the United States Constitution by failing to suppress statements allegedly made by Petitioner which were obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966);
>
> 2. That Petitioner was denied effective assistance of counsel at his trial because his attorney, among other things: (a) failed to object to trial in a county without jurisdiction over the offense (which occurred in a different county), and (b) failed to obtain Petitioner's consent to waive objection to jurisdictional defects; and,
>
> (3) That the trial court denied Petitioner a fair trial and due process, under the Sixth and Fourteenth Amendments to the United States Constitution, when he (a) was tried in Westchester County, New York, for crimes that occurred in Rockland County, New York, and (b) was denied a mistrial after all the properly indicted charges were dismissed by the trial court.

Pet. 1–2.

The R&R recommends denial of the petition, because none of Gega's three arguments justified relief. *See Gega v. Ercole*, No. 11 Civ. 7892, 2013 WL 3185557 (S.D.N.Y. June 24, 2013). First, Magistrate Judge Fox concludes that Gega failed to show that the Appellate Division's holding that Gega waived his *Miranda* rights is contrary to or involves an unreasonable application of clearly established federal law. *Id.* at *12–13. Second, Magistrate Judge Fox concludes that Gega's ineffective assistance of trial counsel claim "is unexhausted" and "cannot be deemed exhausted," because Gega did not raise it on a New York Criminal Procedure Law Section 440.10 collateral attack. *Id.* at *14. Additionally, Magistrate Judge Fox concludes that the Appellate Division's alternate merits holding on this issue—"To the extent that the claim may be reviewed, defense counsel provided meaningful representation," *People v. Gega*, 904 N.Y.S.2d 716, 719 (App. Div. 2010)—"was neither contrary to nor involved an unreasonable application of clearly established federal law, under 28 U.S.C. § 2254(d)(1)." *Gega*, 2013 WL 3185557, at *14. Third, Magistrate Judge Fox concludes that Gega's fair trial and due process claims are procedurally barred under state law and that Gega failed to show cause and prejudice because he did not raise those claims in his direct appeal in state court nor explain to the federal court why he did not. *Id.* at *15.

On July 22, 2013, Gega made one objection to Magistrate Judge Fox's recommendation on each claim. As to the *Miranda* claim, Gega argues that his petition was premised on his "state of mind," as required by Supreme Court precedent, and that the Appellate Division failed to address his state of mind. Objections 1–3, July 22, 2013, ECF No. 23. As to the ineffective assistance of trial counsel claim, Gega argues that it was the fault of his appellate counsel that he did not bring a New York Criminal Procedure Law Section 440.10 collateral attack on Gega's trial counsel's competence for years following the Appellate Division's ruling indicating that he

should. *See id.* at 4–5; *see also Gega*, 904 N.Y.S.2d at 719. Finally, as to the fair trial and due process claims, Gega again argues that the failure to exhaust is appellate counsel's fault. Objections 3–4.

## STANDARD OF REVIEW

1. <u>Review of a Magistrate Judge's Report and Recommendation</u>

A district judge must "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b) ("[A] party may serve and file specific written objections to the proposed findings and recommendations. . . . The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). However, a district court need not consider arguments raised in a party's objections if the arguments were not raised before the magistrate. *See, e.g.*, *McEachin v. Walker*, 147 F. App'x 223, 224 (2d Cir. 2005) (summary order); *Walker v. Stinson*, 205 F.3d 1327, 2000 WL 232295, at *2 (2d Cir. 2000) (unpublished table decision).

Although there is no statutory standard of review for parts of report and recommendation that are not objected to, *Thomas v. Arn*, 474 U.S. 140, 149 (1985), courts in this District will adopt unobjected-to "portions of a report and recommendation" only when they "are not clearly erroneous or contrary to law," *see, e.g.*, *Phoenix Ins. Co. v. APF Fire Prot., Inc.*, No. 08 Civ. 7935, 2012 WL 3834743, at *1 (S.D.N.Y. Aug. 27, 2012) (quoting *Credit-Based Asset Servicing & Securitization, LLC v. First Consol. Mortg. Co.*, No. 08 Civ. 7757, 2010 WL 2942653, at *1 (S.D.N.Y. July 26, 2010)) (internal quotation mark omitted); *Hounddog Prods., L.L.C. v. Empire Film Grp., Inc.*, 826 F. Supp. 2d 619, 623 (S.D.N.Y. 2011).

2. <u>Habeas</u>

3

In order for a state prisoner's habeas claim to be reviewable, "his or her claim must be exhausted and cannot be procedurally barred." *Lewis v. Lee*, No. 11 Civ. 7119, 2012 WL 6700045, at *3 (S.D.N.Y. Dec. 19, 2012). A habeas claim is exhausted when it is "fairly presented to the state courts." *Ortiz v. Ercole*, No. 08 Civ. 9723, 2012 WL 1448445, at *2 (S.D.N.Y. Apr. 18, 2012) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)). A claim is fairly presented when the "state courts [have been] given the opportunity to correct alleged violations of prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam).

If a claim has been exhausted, to obtain the writ of habeas corpus, a petitioner must show that the state court's "adjudication of the claim[] (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

## DISCUSSION

1. *Miranda* Claim

The Appellate Division held:

> Where, as here, a person in police custody was issued *Miranda* warnings and waived those rights voluntarily and intelligently, it is not necessary to repeat the warnings prior to subsequent questioning within a reasonable time thereafter, so long as the custody has remained continuous. The record supports the Supreme Court's determination that, under the circumstances here, the defendant's statements, made 25 hours after last receiving his *Miranda* warnings, were not involuntary.

*Gega*, 904 N.Y.S.2d at 718 (quoting *People v. Petronio*, 825 N.Y.S.2d 99, 100 (App. Div. 2006), *habeas granted on other grounds by Petronio v. Walsh*, 736 F. Supp. 2d 640 (E.D.N.Y. 2010)) (citation and internal quotation marks omitted). In his objections, Gega argues that the Appellate

4

Division decision was contrary to clearly established Supreme Court law because "[t]he Appellate Division did not address Petitioner's mental state at the time of the alleged *Miranda* waiver in rendering the opinion that his statements were voluntary. Instead, the Appellate Division merely held that giving a statement 25 hours after receiving *Miranda* warnings does not indicate involuntariness." Objections 2–3. Gega misstates the Appellate Division's holding. The Appellate Division directly addressed Gega's state of mind when it held that Gega's original waiver was made "voluntarily and intelligently." *Gega*, 904 N.Y.S.2d at 718.

Gega does not otherwise object to Magistrate Judge Fox's conclusion with regard to the *Miranda* claim. Because Gega did not show the Appellate Division's conclusion was contrary to or misapplied clearly established Supreme Court law, his objection must fail.

2. Ineffective Assistance of Trial Counsel Claim and Fair Trial and Due Process Claims

In his objections, Gega does not challenge Magistrate Judge Fox's conclusions that these claims are unexhausted and Gega's petition failed to show cause and prejudice. Indeed, the petition did not show cause or prejudice. *See* Mem. Law. Opp. Ex. K ("Mem. Law Supp. Pet."), at 24–39, Feb. 6, 2012, ECF No. 8. Whether the appellate counsel was ineffective or whether a New York state court would so find is irrelevant now, because the petition did not raise these arguments before Magistrate Judge Fox. Because Gega does not disagree that the claims are unexhausted and because he did not show cause and prejudice before the magistrate, these two claims must fail.

## CONCLUSION

For the reasons stated above, the Court adopts the R&R and Gega's petition is denied. As the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. The Court certifies that any appeal from that

order would not be taken in good faith. 28 U.S.C. § 1915(a)(3). The Clerk of Court is ordered to close all motions and close the case.

SO ORDERED.

Dated: August 13, 2013
       New York, New York

_____
ANALISA TORRES
United States District Judge